## CHARLES FISHER v. EDWARD DOWLING.

*Trespass—Evidence—Notice of title—Damages—Vexatious appeal.*

1. Plaintiff sued defendant in justice's court in trespass for sawing off about a foot of the upper part of plaintiff's fence, averring ownership in fee of the land which was described in his declaration, to which defendant pleaded the general issue. No question was made on the trial as to plaintiff's title, and the proof on his part was very positive that the fence was *entirely* within the land occupied by him for a period of many years.

    *Held*, that plaintiff's title was not put in issue, and that testimony showing such possession could not be overthrown by proof of location of boundary line.

2. Surveyors have no right to assume to determine lines and landmarks according to their own notions; and there are few evils more annoying to public or private peace than the intermeddling with land boundaries, and the disturbance of peaceable possessions.

3. In a suit for damages for cutting off a portion of plaintiff's fence, it was insisted on behalf of the defendant that, if the alleged trespass improved the fence, there was not even a nominal wrong entitling plaintiff to nominal damages.

    *Held*, that it was plaintiff's right to have a fence of such height as he adopted, and it was not the right of defendant to lower it, and that the verdict should have been for the full value of the property destroyed.

4. In this case $20 damages were imposed for a vexatious appeal.

Error to Oakland. (Stickney, J.) Argued June 8, 1887. Decided June 16, 1887.

Trespass. Defendant brings error. Affirmed. The facts are stated in the opinion.

*J. W. Robbins* (*Taft & Smith*, of counsel), for appellant.
*Thomas J. Davis* and *Theo. Hollister*, for plaintiff.

CAMPBELL, C. J. Fisher sued Dowling in trespass for sawing off about a foot of the upper part of plaintiff's fence

between him and defendant. No question was made concerning plaintiff's title to the property which he occupied, and the real question was whether this fence was on the plaintiff's land as actually occupied by him. The proof was very positive on his part that the fence was entirely within the land occupied by him for a period of many years. Defendant introduced some testimony to the contrary.

On the trial a surveyor was allowed to be sworn as to where, in his opinion, from measurements he made on an assumption of a starting point according to a plan that he referred to, the true line was. His testimony as to what the plan called for was striken out as parol evidence of what should be shown, if at all, by the plan itself, but the plan itself was allowed to be put in, and he swore to his measurements from that plan.

It is claimed the court should not have stricken out this parol evidence concerning the width of the lots. If there was any error, it was in allowing the surveyor's testimony at all. The testimony as to plaintiff's possession of what he had occupied as his lot could not be overthrown, in a case where title was not in question, by any proof of where the line ought to have been. Had title been brought in question, it is possible the rule might have been different; but this we do not decide, because usually a disturbance by violence of an old possession, and a destruction of property on it, such as was made here, may involve other considerations. But here the title was not in issue, and proof by a surveyor, or any one else, going to show anything not bearing on possession, was improper, and secondary evidence of the plat was improper. In this case, moreover, the surveyor gave no testimony indicating that he started correctly, or that his survey was such as should bind any one. We have had frequent occasion to condemn the assumptions of surveyors in determining lines and landmarks according to their own notions. They have no such right, and their assump-

tions are not lawful.    There are few evils more annoying to public or private peace than the intermeddling with land boundaries, and the disturbance of peaceable possessions.

The question of possession was very fairly left to the jury, who found for the plaintiff.    But it is claimed the court erred in holding that for such a trespass there should be at least nominal damages, which are all that the jury awarded. Defendant's counsel insist that, if this cutting-down process improved the fence, there was not even a nominal wrong.

This is a remarkable claim, and the verdict is a remarkable verdict.    It was plaintiff's right to have a fence of such height as he adopted, and it is not the right of a neighbor to lower it.    The jury ought to have rendered a verdict for the full value of the property destroyed.

To bring to this Court for review a six-cent verdict, on a case so palpably void of any equity, is such a vexatious appeal as we should feel justified in proceeding to punish by substantial damages.    The trespass itself was of a very vexatious and annoying character.    It was not designed to reclaim a true boundary, for then the whole fence, instead of the top, would have been removed.    We shall impose, in addition to the ordinary costs, damages of $20, which are not adequate to compensate the vexatious litigation, but will put the parties somewhat nearer to a correct position than the verdict left them.

The judgment will be affirmed, with $20 damages, and costs.

The other Justices concurred.